IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JASMINE SMALLS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:20-cv-1269-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| UNKNOWN WAL-MART MANAGERS, | ) | |
| and UNKNOWN WAL-MART | ) | |
| EMPLOYEE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff Jasmine Smalls's ("Smalls") motion to remand, ECF No. 6. For the reasons set forth below, the court denies the motion without prejudice.

## I.  BACKGROUND

This personal injury case arises out of an accident that occurred at a Wal-Mart store in North Charleston, South Carolina (the "Wal-Mart store"). In her complaint, Smalls alleges that she was a patron at the Wal-Mart store when an employee of the store negligently pushed a row of shopping carts into her and injured her. On February 28, 2020 Smalls filed this action in the Charleston County Court of Common Pleas against Wal-Mart Stores East, LP ("Wal-Mart"); "Unknown Wal-Mart Managers", representing the unidentified managers of the Wal-Mart store; and "Unknown Wal-Mart Employee", representing the unidentified employee that Small alleges negligently pushed the shopping carts into her (together, the "unidentified employee defendants"). ECF No. 1-1. On April 2, 2020, Wal-Mart removed the action to this court. ECF No. 1. On April 30,

1

2020, Smalls filed a motion to remand the matter to state court. ECF No. 6. On May 13, 2020, Wal-Mart filed a response. ECF No. 8. Smalls has not replied, and the time to do so has expired. The motion is therefore ripe for review.

## II.   STANDARD

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction, Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9, 2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises from federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

## III.   DISCUSSION

Wal-Mart removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332, claiming that the parties are citizens of different states and the amount in

controversy exceeds $75,000.  In her motion to remand, Smalls argues the parties are not completely diverse because the unidentified employee defendants and Smalls are all citizens of South Carolina.  As such, Smalls argues, the court does not have diversity jurisdiction over the lawsuit's subject matter, and remand is necessary.  In response, Wal-Mart advances two arguments.  First, Wal-Mart argues that under 28 U.S.C. §144(b), the court is required to disregard the citizenship of the unidentified employee defendants.  Alternatively, Wal-Mart argues that the court can disregard the citizenship of the unidentified employee defendants because they are sham defendants under the fraudulent joinder doctrine.  Because the court agrees with Wal-Mart's first argument, it denies Smalls's motion without reaching the second.

28 U.S.C. § 1441(b) states, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  The Fourth Circuit, considering whether a district court had diversity jurisdiction over an action, disregarded the citizenship of "John Doe" defendants, noting that "the citizenship of fictitious parties is not relevant for purposes of determining diversity jurisdiction."  Flores v. Ethicon, Inc., 563 F. App'x 266, 268 n.2 (4th Cir. 2014) (citing 28 U.S.C. § 1441(b)).  District courts within the Fourth Circuit have consistently applied the straight-forward language of the statute.  See Dobbs v. JBC of Norfolk, VA Inc., 521 F. Supp. 2d 531, 532 (E.D. Va. 2007) (collecting cases); see also Karnes v. Outback Steakhouse of Fla., LLC, 2016 WL 3661557, at *3 (S.D.W. Va. July 5, 2016) (denying motion to remand because "the alleged citizenship of the John Doe defendants does not defeat diversity and destroy this court's otherwise proper exercise of jurisdiction."); Berry v. SeaWorld Parks &

3

Entertainment LLC, 2015 WL 1119942, *2 (E.D. Va. Mar. 11, 2015) (denying motion to remand motion because "John Doe Employee is sued under a fictitious name, and his citizenship is disregarded at this stage of the proceedings.").

Here, Smalls has not identified the unidentified employee defendants and instead names them in the lawsuit as "Unknown Wal-Mart Managers" and "Unknown Wal-Mart Employee." Clearly, these placeholder titles are fictious names meant to represent real persons. In her motion to remand, Smalls posits "upon information and belief" that the unidentified employee defendants are citizens of South Carolina. ECF No. 6 at 2. Based on the law discussed above, however, the court cannot consider the citizenship of the unidentified employee defendants for the purposes of removal. Disregarding those defendants, the remaining parties are diverse. As such, the court has diversity jurisdiction over this action at the current juncture and thus denies the motion to remand.

The court denies the motion without prejudice because Smalls does not lose her ability to seek future remand on the same grounds. 28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." (emphasis added). Because the basis for Smalls's motion is a lack of subject matter jurisdiction, the thirty-day limitation does not apply to her request for remand. A motion to remand for lack of subject matter jurisdiction may be made at any time, and a party cannot waive her ability to request remand on that basis. See State v. Ivory, 906 F.2d 999, 1000 (4th Cir. 1990) ("[The plaintiff's] objection here is that the court lacks subject matter jurisdiction, an objection that may be raised by the parties at any time or by the court sua sponte."). Therefore, Smalls can file a second motion to remand if discovery

4

reveals that the parties are not diverse or that the court otherwise lacks subject matter jurisdiction. Unless and until Smalls identifies the unidentified employee defendants, of course, the court cannot consider their citizenship for purposes of remand.

### IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion to remand without prejudice.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**June 15, 2020**
**Charleston, South Carolina**