**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| JASMINE SMALLS,                               )<br>                                                                )<br>                          Plaintiff,              )<br>                                                                )     No. 2:20-cv-01269-DCN<br>                  vs.                               )<br>                                                                )     **ORDER**<br>WAL-MART STORES EAST, LP,           )<br>UNKNOWN WAL-MART MANAGERS, and )<br>UNKNOWN WAL-MART EMPLOYEE,     )<br>                                                                )<br>                          Defendants.          )<br>_____) | |

The following matter is before the court on plaintiff Jasmine Smalls' ("Smalls") second motion to remand, ECF No. 22, and motion to amend complaint, ECF No. 24. For the reasons set forth below, the court grants both motions.

## I.  BACKGROUND

This personal injury case arises out of an accident that occurred at a Wal-Mart store in North Charleston, South Carolina. In her complaint, Smalls alleges that she was a patron at the Wal-Mart store when an employee of the store negligently pushed a row of shopping carts into her and injured her. On February 28, 2020, Smalls filed this action in the Charleston County Court of Common Pleas against Wal-Mart Stores East, LP ("Wal-Mart"); "Unknown Wal-Mart Managers", representing the unidentified managers of Wal-Mart (the "manager defendants"); and "Unknown Wal-Mart Employee", representing the unidentified employee that Small alleges negligently pushed the shopping carts into her (the "employee defendant") (both the manager defendants and the employee defendant, the "individual defendants"). ECF No. 1-1.

1

On April 2, 2020, Wal-Mart removed the action to this court.  ECF No. 1.  On April 30, 2020, Smalls filed a motion to remand the matter to state court based on lack of subject matter jurisdiction, ECF No. 6, which the court denied on June 15, 2020, ECF No. 11.  The court found that the citizenship of the unidentified individual defendants could not be considered for purposes of diversity jurisdiction, but permitted Smalls to "filed a second motion to remand if discovery reveals that the parties are not diverse or that the court otherwise lacks subject matter jurisdiction."  Id. at 4-5.

On November 4, 2020, Smalls filed a second motion to remand the matter to state court.  ECF No. 22.  On November 17, 2020, Wal-Mart and the individual defendants responded, ECF No. 27, and on November 24, 2020, Smalls replied, ECF No. 29.  Additionally, on November 10, 2020, Smalls filed a motion to amend the complaint.  ECF No. 24.  On November 17, 2020, Wal-Mart and the individual defendants responded in opposition, ECF No. 26, and on November 24, 2020, Smalls replied, ECF No. 30.  As such, both motions have been fully briefed and are now ripe for review.

## II.  STANDARD

### A.  Motion to Amend Complaint

"[A]fter the deadlines provided by a scheduling order have passed, the [Federal Rule of Civil Procedure 16(b)] good cause standard must be satisfied to justify leave to amend the pleadings."  Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).  Rule 16(b)'s good cause standard "focuses on the timeliness of the amendment and the reason for its tardy submission; the primary consideration is the diligence of the moving party."  Montgomery v. Anne Arundel Cnty, 182 F. App'x 156, 162 (4th Cir. 2006); see also RFT Mgmt. Co., LLC v. Powell, 607 F. App'x 238, 242 (4th Cir. 2015).

"In seeking leave to amend, the 'movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order.'" Thomason v. Toyota Motor Eng'g & Mfg. N. Am., Inc., 2017 WL 10901214, at *6 (D.S.C. Mar. 6, 2017) (citing United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007)).

"If the movant satisfies Rule 16(b)'s 'good cause' standard, [he] must then pass the requirements for amendment under Rule 15(a)." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997)).  Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading as a matter of course within 21 days after serving it; however, in all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. Fed. R. Civ. P. 15(a).  "The court should freely give leave when justice so requires." Id.  "[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." Foster v. Wintergreen Real Estate, Co., 363 F. App'x 269, 276 (4th Cir. 2010).  A "delay alone is not sufficient reason to deny leave to amend." Johnson v. Oroweat Foods Co., 785 F.2d 503, 505 (4th Cir. 1986).

### B. Motion to Remand

Federal courts are of constitutionally limited jurisdiction.  "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper," In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction, Baxley v. Advance Auto Parts, Inc., 2011 WL 586072 at *1 (D.S.C. Feb. 9,

2011) (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises from federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizen of different states, see 28 U.S.C. § 1332.

### III.   DISCUSSION

Smalls moves to amend her complaint to add the names of the previously "unknown" individual defendants. Smalls is a citizen of South Carolina, and the individual defendants, now identified, are also both citizens of South Carolina. As such, Smalls again moves to remand this action to state court due to lack of complete diversity of the parties, and thus, lack of subject matter jurisdiction. Defendants argue that the motion to amend should be denied because it was filed after the scheduling order deadline. Defendants also argue that both the motion to amend and the motion to remand should be denied because "the individual defendants were fraudulently joined as parties to defeat diversity jurisdiction." ECF No. 26 at 4. The court disagrees in both respects.

Defendants argue that the motion to amend was not timely filed because it was filed on November 10th, the day after the deadline set forth in the scheduling order. The

scheduling order provides that "[m]otions to join other parties and amend the pleadings shall be filed no later than November 9, 2020." ECF No. 16. On November 9, 2020, Smalls filed an amended complaint without a corresponding motion to amend and without consent or leave of this court. ECF No. 23. The court alerted Smalls' counsel of the error and deleted the November 9th filing from the docket. Counsel for Smalls corrected the error by adding a motion to amend the complaint on November 10th. The court, in this instance, will consider Smalls' motion to amend the complaint as a supplement to her November 9th filing and therefore timely under the scheduling order.

Defendants alternatively argue that both the motion to amend and the motion to remand should be denied because Smalls is attempting to fraudulently join the individual defendants to defeat diversity jurisdiction. ECF No. 26 at 6. "To show fraudulent joinder, the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks omitted). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Marshall, 6 F.3d at 232–33. "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Hartley, 187 F.3d at 424; see also Beaufort Cnty. Sch. Dist. v. United Nat. Ins. Co., 519 F.Supp. 2d 609, 614 (D.S.C. 2007) (describing the standard as "among the most liberal in all of the law"). The plaintiff need not establish that he will ultimately succeed on his claims; "[t]here need be

only a slight possibility of a right to relief." Hartley, 187 F.3d at 426.  Further, in determining "whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" AIDS Counseling & Testing Centers v. Grp. W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990) (quoting Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964)).

Defendants do not allege fraud in Smalls' pleading of jurisdictional facts.  Rather, defendants argue that Smalls "has not alleged any specific acts of the individual defendants that would render them liable for the plaintiff's alleged injuries."  ECF No. 27 at 11.  As such, the court must determine whether there is any possibility that Smalls can establish a cause of action against the individual defendants in state court.  If so, this case must be remanded.  See Jones v. Ringer, 2017 WL 5077870, at *3–4 (D.S.C. Nov. 6, 2017).

Plaintiff brings negligence, gross negligence, per se negligence, and recklessness causes of actions against each defendant.  "In a negligence action, a plaintiff must show the (1) defendant owes a duty of care to the plaintiff, (2) defendant breached the duty by a negligent act or omission, (3) defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) plaintiff suffered an injury or damages."  Andrade v. Johnson, 588 S.E.2d 588, 592 (S.C. 2003).  "The Court must determine, as a matter of law, whether the law recognizes a particular duty."  Cowburn v. Leventis, 619 S.E.2d 437, 451 (S.C. Ct. App. 2005) (quoting Charleston Dry Cleaners Laundry, Inc. v. Zurich Am. Ins. Co., 586 S.E.2d 586, 588 (S.C. 2003)).  The duty of care is that standard of conduct the law requires of an actor to protect others against the risk of harm from his

actions.  Carter v. R.L. Jordan Oil Co., 365 S.E.2d 324, 329 (S.C. Ct. App. 1988), rev'd on other grounds, 385 S.E.2d 820 (S.C. 1989).  A duty of care arises only with respect to a danger apparent to one in the actor's position before the harm occurs.  Id. at 329.

Defendants argue that Smalls fails to make specific allegations of negligence against the individual defendants and instead "simply recite[s] the standard for respondeat superior."  ECF No. 27 at 12.  Moreover, defendants argue the individual defendants "did not possess the requisite level of control over the Wal-Mart store to assume personal liability" under respondeat superior.  ECF No. 26 at 6.  The court is not so convinced, at least with respect to the employee defendant.  Smalls specifically alleges, inter alia, that the employee defendant was negligent when he "pushed a large row of shopping carts into [Smalls] as she was on the premises of the store, thereby seriously and permanently injuring her person."  ECF No. 22-1 at 3.  After resolving all issues of fact and law in Smalls' favor, there is at least "a slight possibility" that (1) the employee defendant owed Smalls a duty of care—namely to protect Smalls against the risk of harm from his actions in pushing the large row of shopping carts; (2) the employee defendant breached that duty when he pushed the carts into Smalls' person; (3) such a breach actually and proximately caused Smalls' injuries; and (4) Smalls suffered an injury.  Therefore, defendants have not met their heavy burden of showing that Smalls cannot establish a negligence claim against the employee defendant.  Mindful that the fraudulent joinder standard is "among the most liberal in all of the law," Beaufort Cnty. Sch. Dist., 519 F.Supp.2d at 614, the court finds the employee defendant was properly joined and considers his citizenship for purposes of diversity jurisdiction.  Both Smalls and the employee defendant are citizens of South Carolina, meaning there is not complete

diversity of the parties. Because diversity jurisdiction is defeated by joinder of the employee defendant alone, the court need not address defendants' fraudulent joinder arguments with respect to the manager defendants. The court lacks subject matter jurisdiction and must remand the matter to state court.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to amend and **GRANTS** the motion to remand the matter to state court. Accordingly, the court **REMANDS** the matter to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED.**

    **DAVID C. NORTON**
    **UNITED STATES DISTRICT JUDGE**

**December 14, 2020**
**Charleston, South Carolina**